IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs March 23, 2011

## AMY C. BLACKWELL WISEMAN v. WILLIAM S. WISEMAN, II

**Appeal from the Chancery Court for Sumner County**
**No. 2007D-484     Tom E. Gray, Chancellor**

_____

**No. M2010-01642-COA-R3-CV - Filed April 28, 2011**

_____

Father appeals trial court finding of substantial and material change of circumstances and resulting modifications to parenting plan.  Finding that the record does not support failure of parties to attempt mediation of parenting plan issues prior to seeking court intervention, the judgment is vacated and petition to modify parenting plan dismissed.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Vacated**

RICHARD H. DINKINS, J., delivered the opinion of the court, in which PATRICIA J. COTTRELL, P. J., M. S., and FRANK G. CLEMENT, JR., J., joined.

Dana C. McLendon, III, Franklin, Tennessee, for the appellant, William S. Wiseman, II.

Laura Y. Goodall, Gallatin, Tennessee, and Robert Todd Jackson, Brentwood, Tennessee, for the appellee, Amy Christine Blackwell Wiseman.

### MEMORANDUM OPINION[1]

Amy Blackwell ("Mother") and William Wiseman ("Father") were divorced on March 18, 2009 on the grounds of irreconcilable differences.  The Final Decree of Divorce incorporated a Marital Dissolution Agreement, which divided the parties' assets, and a Permanent Parenting Plan which, among other things, named Mother the primary residential

_____

[1]  Tenn. R. Ct. App. 10 states:

This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value.  When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

parent of the parties' minor son, set Father's child support obligations, required Father to provide medical insurance for the child, and awarded Father visitation.[2]

On March 22, 2010, Mother filed a Petition for Contempt and to Modify the Permanent Parenting Plan alleging a substantial and material change in circumstances. Specifically, Mother alleged that Father was consistently late for the exchange of the child; refused to allow the child to play T-ball; objected to the child enrolling in pre-kindergarten; badgered Mother regarding visitation; and allowed the child's medical insurance to lapse. Mother requested the court to modify Father's parenting time on alternating weekends; give her the sole decision making power regarding educational, religious, non-emergency health care, and extra-curricular decisions; require Father to immediately provide proof of health insurance; and to find Father in contempt.

Father filed an Answer denying that a substantial and material change of circumstance warranted the modification sought by Mother. Father averred that he asked Mother to attend mediation to resolve their disagreements regarding the child's school and extracurricular activities, but she declined. He requested the court to "order the parties to mediate Mother's petition."

Following a hearing, the court entered an order finding Father in civil contempt for failing to maintain health insurance on the child but did not impose punishment. The court further found a substantial and material change of circumstances and changed the time Father was to return the child to Mother from 8:00 p.m. to 6:00 p.m. on alternating Sundays; required Father to pick-up and return the child to Mother's residence; and gave Mother the sole decision making authority regarding the child's education decisions, extracurricular activities, and day-to-day health care decisions.

Father appeals, raising the following issues:

I.      Did the trial court err by failing to require the parties to mediate their disputes before resorting to court for a modification of the parenting plan?

II.     Did the trial court err by finding that there had been substantial and material change of circumstances and that the best interests of the parties' child required a modification of the parenting plan?

_____

[2]   The Permanent Parenting Plan set Father's visitation: "Every Monday at 5:30 p.m. until Wednesday morning whereby he takes the child to school or returns the child to his mother by 8:00 a.m. and alternating weekends from Friday at 5:30 p.m. to Sunday at 8:00 p.m."

Tenn. Code Ann. § 36-6-404(a) requires that a final decree of divorce incorporate a permanent parenting plan; subsection (4) mandates that the plan "provide for a process for dispute resolution, before court action, . . ." Consistent with the statute, the parenting plan at issue in this case provided:

Should a disagreement arise about the Parenting Plan or the parties wish to modify the plan, the parties shall make a good faith effort to resolve the issue through the dispute resolution process, before returning to court.

Unless a limiting factor listed in T.C.A. 36-6-406 precludes a dispute resolution process prior to court action, or an emergency court action is necessary to protect the welfare of the child(ren) or a party, the parties agree to the following dispute resolution method:

Disputes between the parties, other than the child support disputes, shall be submitted to:

Mediation by Rule 31 Mediator

* * *

In the dispute resolution process:

(a) Preference shall be given to carrying out this Parenting Plan.

(b) The parents shall use the designated process to resolve disputes relating to implementation of the plan.[3]

* * *

The record in this case does not show why the trial court proceeded to hear Mother's motion seeking modification of the parenting plan after disposing of the contempt petition. The court determined that Father was in contempt for failing to maintain health insurance for the child and that, inasmuch as Father had purchased the insurance, no punishment would be imposed. The court then proceeded to make a finding of a material change of circumstances. The court did not address the requests, in Father's answer to the petition and in his counsel's statements to the court at the hearing, that the court order the parties to mediate the issues raised in Mother's motion, including her proposed modifications to the parenting plan.

While Tenn. Code Ann. § 36-6-404(a)(4)(F) provides that the provisions of § 36-6-404(a)(4) do not preclude court action where recourse to court may be required "to protect the welfare of the child or a party," our review of the record does not reveal facts or circumstances which precluded mediation or which necessitated the court's involvement at that time and Mother's petition does not allege facts sufficient to invoke § 36-6-404(a)(4)(F). The statute reflects the determination that, in the circumstances present, mediation should be undertaken prior to court involvement. If the court is to allow the parties to bypass mediation

---

[3] This language in the parenting plan recites verbatim Tenn. Code Ann. § 36-6-404(a)(4)(A)–(B).

as permitted by § 36-6-404 (a)(4)(F), the facts in support of the court's action should be stated. On this record, we discern no reason for the failure of the parties to mediate the issues presented in accordance with the statute and the parenting plan.

For the foregoing reasons, the finding of a material change of circumstance and the modifications to the parenting plan ordered by the court are VACATED and the petition dismissed.[4] The case is remanded for the taxing and collection of costs of the trial court proceeding.

Costs of this appeal are assessed to Amy C. Blackwell Wiseman.

_____
RICHARD H. DINKINS, JUDGE

---

[4] Neither party has appealed the trial court's disposition of the contempt portion of Mother's petition. Inasmuch as the purpose of a contempt proceeding is to secure compliance with the existing orders or the court or to vindicate the authority of the court, this aspect of Mother's petition was not subject to the requirement that the parties pursue mediation prior to resorting to court. Consequently, our action in vacating the judgment on the ground stated has no effect on the court's finding that Father was in contempt.